# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| SHARON O. SEABROOKS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANTHONY DOPSON, <br><br> Plaintiff, <br><br> v. <br><br> STELLANTIS a/k/a STELLANTIS GROUP, a/k/a STELLANTIS US, LLC, a/k/a STELLANTIS NV, a/k/a FCA US, LLC, a/k/a FIAT CHRYSLER AUTOMOBILES US, a/k/a FIAT CHRYSLER AUTOMOBILES NV, a/k/a PSA GROUP, a/k/a PEUGEOT SOCIETE ANONYME, f/k/a CHRYSLER GROUP, LLC, f/k/a CHRYSLER, LLC, ZF ACTIVE SAFETY AND ELECTRONICS US LLC, ZF PASSIVE SAFETY SYSTEMS US INC., TRW AUTOMOTIVE INC., ZF TRW AUTOMOTIVE HOLDINGS CORP., AND ZF NORTH AMERICA, INC., <br><br> Defendants. | Civil Action No.:   1:22-cv-02194-MGL <br><br><br> **COMPLAINT** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

COMES NOW Plaintiff Sharon O. Seabrooks ("Plaintiff"), by and through her undersigned Counsel of Record and pursuant to the Federal Rules of Civil Procedure, and files this Complaint against Stellantis a/k/a Stellantis Group, a/k/a Stellantis US, LLC, a/k/a Stellantis NV, a/k/a FCA US, LLC, a/k/a Fiat Chrysler Automobiles US, a/k/a Fiat Chrysler Automobiles NV, a/k/a PSA Group, a/k/a Peugeot Societe Anonyme, f/k/a Chrysler Group, LLC, f/k/a Chrysler, LLC, ZF Active Safety and Electronics US LLC, ZF Passive Safety Systems US Inc., TRW Automotive Inc., ZF TRW Automotive Holdings Corp., and ZF North America, Inc. (collectively "Defendants") and shows the Court the following:

## NATURE OF THE ACTION

1.      This is a civil action arising out of the death of Anthony Dopson (hereinafter "Decedent"), on July 28, 2020 in Allendale County, South Carolina, while properly operating his 2004 Grand Jeep Cherokee, VIN No. 1J4GX58S74C344467 (hereinafter the "Subject Vehicle"). Decedent's front driver's side airbag inadvertently deployed without any impact, change in speed or contact with any object, causing Decedent to run off the road and strike a tree (hereinafter the "Incident").

2.      At the time of the Incident the Decedent was the sole occupant of the Subject Vehicle, he was unimpaired, properly seated, and properly wearing his seatbelt.

3.      Chrysler (FCA US LLC) issued recall 15V-046 on or about February 6, 2015 for vehicles including the 2002-2004 Jeep Grand Cherokee produced from February 13, 2001 to May 23, 2003 due to airbags that would expectantly deploy and "increase the possibility of a crash and risk of injury". The recall stated that the "inadvertent airbag deployments are the result of an electrical over-stress to one of two Application Specific Integrated Circuits that control the Airbag squibs."

4.      Chrysler (FCA US LLC) issued recall 15V-673 on October 15, 2015 to expand the previous recall to vehicles including the 2002-2004 Jeep Grand Cherokee produced from May 27, 2003 to May 20, 2004, dates in which the Subject Vehicle was manufactured.

5.      Chrysler (FCA US LLC) is responsible for recalls based on their knowledge and conduct alone or knowledge it inherited of vehicles manufactured prior to the closing of the Sales Agreement approved by the Bankruptcy Court on June 10, 2009.

6.      The Subject Vehicle had an unresolved open recall 15V-673 at the time of the Incident.

7.      Decedent purchased the Subject Vehicle in 2012.

8.      Decedent was unaware of the recall and did not receive any recall letters or any other notification.

9.    As a result of the inadvertent airbag explosion, Decedent lost his life.

## PARTIES, JURISDICTION AND VENUE

10.    At all times relevant herein the Decedent, Anthony Dopson, was a citizen and resident of Fairfax, County of Allendale, State of South Carolina.

11.    At all times relevant herein, Sharon O. Seabrooks, the Decedent's cousin, is and was a resident of Barnwell, Barnwell County, State of South Carolina.

12.    As the duly appointed Personal Representative of the Estate of Anthony Dopson, Sharon O. Seabrooks has the authority to bring this action on behalf of Anthony Dopson's beneficiaries.

13.    Defendant Stellantis a/k/a Stellantis Group a/k/a Stellantis US LLC, a/k/a Stellantis NV, LLC, a/k/a FCA US, LLC, a/k/a Fiat Chrysler Automobiles US, a/k/a Fiat Chrysler Automobiles NV, a/k/a PSA Group, a/k/a Peugeot Societe Anonyme (hereinafter "Stellantis") is a business entity that has undergone a number of mergers and which acquired the companies previously known as the Chrysler Group, LLC and Chrysler LLC. By acquiring said companies and their assets, Defendant Stellantis is responsible for product liability claims for products designed, manufactured, assembled and sold by the acquired Chrysler entities. Defendant Stellantis' principal place of business is 1000 Chrysler Drive, Auburn Hills, Michigan 48326. Defendant Stellantis transacts business in this State either alone and/or by and through its affiliated enterprises and derives substantial revenue from business in the State of South Carolina. Because Defendant Stellantis transacts business within the State of South Carolina, jurisdiction is proper with respect to Defendant Stellantis.

14.    Defendant ZF Active Safety and Electronics US LLC ("ZF/ASE") is a Delaware corporation doing business in this state, and in this district and division. ZF/ASE is the entity that licensed the design of the original equipment airbag control unit for the model year 2004 Grand

Jeep Cherokee for inclusion in automobiles in the United States, and in South Carolina, including the Subject Vehicle. ZF Active Safety and Electronics US LLC formerly operated under the name TRW Automotive U.S. LLC. Defendant ZF/ASE transacts business in this State either alone and/or by and through its affiliated enterprises and derives substantial revenue from business in the State of South Carolina. Because ZF/ASE transacts business within the State of South Carolina, jurisdiction is proper with respect to Defendant ZF/ASE.

15.     Defendant ZF Passive Safety Systems US Inc. ("ZF/PSS") is a Delaware Corporation with its principal place of business located at 4505 West 26 Mile Road, Washington, Michigan 48094. ZF Passive Safety Systems US Inc. previously operated under the name TRW Vehicle Safety Systems Inc. On information and belief, TRW designs and sells and/or offers for sale in the United States, including in South Carolina, certain airbags and occupant restraint system as new and after-sales components for inclusion in automobiles in the United States, and in South Carolina, including the Subject Vehicle.  Defendant ZF/PSS transacts business in this State either alone and/or by and through its affiliated enterprises and derives substantial revenue from business in the State of South Carolina. Because ZF/PSS transacts business within the State of South Carolina, jurisdiction is proper with respect to Defendant ZF/PSS.

16.     TRW Automotive Inc. is a Delaware Corporation and the direct parent and 100% owner of ZF Passive Safety Systems US Inc. and ZF Active Safety and Electronics US LLC. TRW Automotive Inc. is headquartered in Michigan. Defendant TRW Automotive Inc. transacts business in this State either alone and/or by and through its affiliated enterprises and derives substantial revenue from business in the State of South Carolina. Because TRW Automotive Inc. transacts business within the State of South Carolina, jurisdiction is proper with respect to Defendant TRW Automotive Inc.

17.     ZF TRW Automotive Holdings Corp. is a Delaware Corporation and the direct parent and 100% owner of TRW Automotive Inc. ZF TRW Automotive Holdings Corp. is headquartered in Michigan. Defendant ZF TRW Automotive Holdings Corp. transacts business in this State either alone and/or by and through its affiliated enterprises and derives substantial revenue from business in the State of South Carolina. Because ZF TRW Automotive Holdings Corp. transacts business within the State of South Carolina, jurisdiction is proper with respect to Defendant ZF TRW Automotive Holdings Corp.

18.     ZF North America, Inc. is a Delaware Corporation and the direct parent and 100% owner of ZF TRW Automotive Holdings Corp. ZF North America, Inc. is headquartered in Michigan. Defendant ZF North America, Inc. transacts business in this State either alone and/or by and through its affiliated enterprises and derives substantial revenue from business in the State of South Carolina. Because ZF North America, Inc. transacts business within the State of South Carolina, jurisdiction is proper with respect to Defendant ZF North America, Inc.

19.     Defendants ZF/ASE, ZF/PSS, TRW Automotive Inc., TRW Automotive Inc., ZF TRW Automotive Holdings Corp., and ZF North America, Inc. will collectively be referred to as the ("ZF/TRW Defendants").

20.     The Court has personal jurisdiction over the Defendants because the Defendants, individually and/or acting in concert, presently and during the time of the Incident, regularly did business in South Carolina, such that they reasonably could expect to have to defend themselves in a South Carolina court.

21.     Venue is proper because all of the Defendants, as corporate entities, are deemed to reside in any judicial district in which they are subject to personal jurisdiction.

## CONDITIONS PRECEDENT

22.     All conditions precedent to the bringing of this action and Plaintiff's right to the relief sought herein have occurred, have been performed or have been excused.

## FIRST CLAIM FOR RELIEF
### (Strict Liability: Design Defect at to All Defendants)

23.     Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

24.     At all times relevant herein, there was in full force and effect certain statutes of the State of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-10 *et seq.* of the South Carolina Code of Laws (1976, as amended).

25.     Pursuant to S.C. Code § 15-73-10 *et seq.*, Defendants are each strictly liable for designing, testing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

26.     At all times relevant herein, the Subject Vehicle and its occupant protection systems, including the airbag protection systems, were defective and unreasonably dangerous as to its design causing the Subject Vehicle to be in a defective condition that made it unreasonably dangerous for its intended use.

27.     At all times relevant herein, Defendants, were involved and/or were aware of all of the alleged Defects set forth herein, and were responsible for the distribution, marketing, sale, evaluation of design to comply with U.S. applicable NHTSA standards, warranties, service and needed repairs/recall of the Subject Vehicle and its occupant protection systems, including the front airbag system.

28.     At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable manner, including when the Incident alleged herein occurred.

29.    Decedent neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

30.    At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was designed, and sold with occupant protection systems, including the driver's front airbag system, which would inadvertently deploy without a collision or impact;

31.    At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was distributed, marketed, sold with occupant protection systems, including the driver's front airbag system, which failed to properly operate by inadvertently deploying without a collision or impact when used in a foreseeable manner.

32.    At all times relevant herein, Defendants were aware of the Defects, as well as needed recall repairs, low recall repair rates, how to repair, danger posed and/or feasible alternative designs which would have minimized or eliminated altogether the risks of injury posed by the Subject Vehicle and its occupant protection systems, including the driver's airbag protection systems.

33.    At all times relevant, the risks of injury posed by the design of Subject Vehicle and its occupant protection systems, including the airbag protection systems, outweighed the potential benefits, if any, offered by said driver's occupant protection systems.

34.    At all times relevant herein, Defendants were aware of the Defects, as well as needed recalls, repairs and/or feasible alternative designs which would have minimized or eliminated altogether the risks of injury posed by the Subject Vehicle and its occupant protection systems, including the airbag protection systems.

35.    The sale, servicing, failure to recall or failure to conduct an adequate recall or owner outreach was a direct and proximate cause of the serious, life-ending injuries Decedent sustained

arising out of the Incident.

36.     By reason of the foregoing, Plaintiff, as Personal Representative, is entitled to recover damages for all general, special, and pecuniary damages caused by Defendants and the defective condition of the Subject Vehicle when placed in the stream of commerce.

37.     Additionally, Plaintiff demands judgment against Defendants for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

**SECOND CLAIM FOR RELIEF**
**(Strict Liability: Manufacturing Defect as to All Defendants)**

38.     Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

39.     At all times relevant herein, there was in full force and effect certain statutes of the State of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-*10 et seq*. of the South Carolina Code of Laws (1976, as amended).

40.     Pursuant to S.C. Code § 15-73-10 *et seq*., Defendants are each strictly liable for manufacturing, testing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

41.     At all times relevant herein, Defendants were responsible for the manufacture and sale of the Subject Vehicle and its occupant protection systems, including the Subject Vehicle's airbag protection systems prior to the Incident on July 28, 2020.

42.     At all times relevant herein, the Subject Vehicle and its occupant protection systems, including the airbag protection systems, were defective and unreasonably dangerous as the Subject Vehicle's as-manufactured condition did not conform to its intended design and/or manufacture,

and therefore did not provide a reasonable degree of occupant protection and safety.

43.    At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable manner when the Incident alleged herein occurred.

44.    Decedent neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

45.    At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was designed, manufactured and sold with occupant protection systems, including the driver's front airbag system, which failed to properly operate by inadvertently deploying without a collision or impact when used in a foreseeable manner.

46.    At all times relevant herein, Defendants were aware that the average consumer would not recognize, or appreciate, the risks posed by the failure of the airbag protection systems to conform to its intended design.

47.    At all times relevant herein, Defendants failed to manufacture, test, inspect, and/or sell a product that was safe for its intended use.

48.    The manufacture, marketing, and sale of the unreasonably dangerous Subject Vehicle by Defendants was a direct and proximate cause of the serious, life-ending injuries Decedent sustained arising out of the Incident.

49.    By reason of the foregoing, Plaintiff, as Personal Representative, is entitled to recover damages for all general, special, and pecuniary damages caused by Defendants and the defective condition of the Subject Vehicle when placed in the stream of commerce.

50.    Additionally, Plaintiff demands judgment against Defendants for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if

applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

## THIRD CLAIM FOR RELIEF
### (Negligence, Gross Negligence, Willful and Wanton Conduct as to TRW Defendants)

51.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

52.    At all times relevant herein, Defendants, designed, selected, inspected, tested, assembled, equipped, evaluated, had design input, marketed, distributed, and sold its occupant protection systems, including the airbag protection systems installed in the Subject Vehicle.

53.    At all times relevant herein, Defendants, designed, selected, inspected, tested, assembled, equipped, evaluated, had design input, marketed, distributed, and sold its occupant protection systems, including the airbag protection systems installed in the Subject Vehicle and owed Decedent a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell its occupant protection systems, including the driver's front airbag system installed in the Subject Vehicle, so that they would provide a reasonable degree of occupant protection and safety.

54.    At all times relevant herein, as designed, selected, inspected, tested, assembled, equipped, evaluated, marketed, distributed, and sold by Defendants, its occupant protection systems, including the airbag protection systems installed in the Subject Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its occupant protection systems, including the airbag protection systems, are, and were, inadequately designed and constructed, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect.

55.    At all times relevant herein, Defendants, respectively and collectively, were each negligent,

grossly negligent, willful, wanton, reckless and careless in the design, selection, inspection, testing, assembly, equipping, marketing, distribution and sale of its occupant protection systems, including the airbag protection systems installed in the Subject Vehicle, and each breached its duties of care owed to Decedent by:

a. Failing to adopt and implement adequate safety hierarchy procedures and policies;

b. Failing to design, manufacture, test, assemble and/or install the occupant protection systems, including the airbag protection systems to protect the Decedent;

c. Failing to design, manufacture, test, assemble and/or install the occupant protection systems, including the airbag protection systems, so as to ensure that the driver's airbag would not inadvertently deploy without a collision or impact when used in a foreseeable manner;

d. Failing to exercise reasonable care in the design of the occupant protection systems, including the airbag protection systems installed in the Subject Vehicle;

e. Failing to exercise reasonable care in the testing of the occupant protection systems, including the airbag protection systems installed in the Subject Vehicle;

f. Failing to exercise reasonable care in the inspection of the occupant protection systems, including the airbag protection systems installed in the Subject Vehicle;

g. Failing to adopt and implement adequate warnings regarding the occupant protection systems, including the airbag protection systems installed in the Subject Vehicle;

h. Failing to incorporate appropriate quality assurance procedures in design and distribution of the of the occupant protection systems, including the airbag protection systems installed in the Subject Vehicle; and

i.   On such other and further particulars as the evidence may show.

56.   At all times relevant, as a direct and proximate result of respective and collective tortious actions and inactions of Defendants, and the breaches complained of herein, Decedent has suffered serious, life-ending injuries.

57.   By reason of the foregoing, Plaintiff, as Personal Representative, is entitled to recover damages for all general, special, and pecuniary damages caused by Defendants and the defective condition of the occupant protection systems, including the airbag protection systems installed in the Subject Vehicle, when placed in the stream of commerce.

58.   Additionally, Plaintiff demands judgment against Defendants for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

### FOURTH CLAIM FOR RELIEF
**(Negligence, Gross Negligence, Willful and Wanton Conduct: Failure to Properly Conduct Timely Recall and/or Owner Notifications as to All Defendants)**

59.   Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

60.   At all times relevant herein, Defendants, manufactured, selected, inspected, tested, assembled, equipped, evaluated, had design input, marketed, distributed, and sold the Subject Vehicle and its occupant protection systems, including the airbag protection systems, and owed Decedent a duty to give appropriate warnings and issue timely recalls of foreseeable dangerous conditions of the Subject Vehicle and its occupant protection systems, including the airbag protection systems.

61.   At all times relevant herein, Defendants knew, or should have known that the Subject Vehicle and its occupant protection systems, including the airbag protection systems, created a

risk of injury when used in an intended or reasonably foreseeable manner.

62.    At all times relevant herein, Defendants, failed to adopt and implement adequate and timely recalls, owner notification and owner/driver outreach to facilitate repair of the subject vehicle or warn of its enhanced injury potential if failure to repair, regarding the occupant protection systems, including the airbag protection systems installed in the Subject Vehicle.

63.    At all times relevant, as a direct and proximate result of respective and collective tortious actions and inactions of Defendants, and the breaches complained of herein, Decedent has suffered serious, life-ending injuries.

64.    By reason of the foregoing, Plaintiff, as Personal Representative, is entitled to recover damages for all general, special, and pecuniary damages caused by Defendants and the defective condition of the Subject Vehicle when placed in the stream of commerce.

65.    Additionally, Plaintiff demands judgment against Defendants for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

## FIFTH CLAIM FOR RELIEF
### (Damages as to All Defendants)

66.    As a direct and proximate result of the Defendants' negligent and/or grossly negligent misconduct or omissions and defective products, Anthony Dopson suffered:

   a.   conscious pain and suffering;

   b.   funeral expenses; and

   c.   such other and further particulars as the evidence may show

67.    As a direct and proximate result of the Defendants' negligent and/or grossly negligent misconduct or omissions and defective products, Anthony Dopson's beneficiaries suffered:

a.  pecuniary loss;

b.  mental shock and suffering;

c.  wounded feelings;

d.  grief and sorrow;

e.  loss of companionship;

f.  deprivation of the use and comfort of Anthony Dopson's society, including the loss of his experience, knowledge, and judgment in managing the affairs of himself and his beneficiaries;

g.  funeral expenses; and

h.  such other and further particulars as the evidence may show.

68.    The wrongful acts of Defendants showed willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which would raise the presumption of conscious indifference to consequences and rights of others.  Punitive damages should be imposed in an amount sufficient to keep such wrongful conduct from being repeated.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays as follows:

1.  For a trial by jury and judgment against the Defendants, both jointly and severally, for such sums as actual and other compensatory damages in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court.

2.  For exemplary and punitive damages against Defendants in an amount as a jury may determine to halt and deter such conduct.

3.  For the costs of this suit, including attorney's fees, expenses and interest.

4.  For such other and further relief to which Plaintiff may be entitled and as this Honorable Court may deem just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the South Carolina of Civil Procedure, Plaintiff demands a trial by jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.

Respectfully submitted this 11th day of July 2022,

By: /s/Kevin R. Dean_____
     Kevin R. Dean (Fed ID 8046)
     Lee M. Heath (Fed ID 9794)
     MOTLEY RICE LLC
     28 Bridgeside Blvd.
     Mount Pleasant, SC 29464
     Tel: (843) 216-9000
     Fax: (843) 216-9450
     kdean@motleyrice.com
     lheath@motleyrice.com

     *ATTORNEYS FOR PLAINTIFF*